Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501        Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For Defendants Leon Richard Mays & Darryl Wayne Daniels*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>LEON RICHARD MAYS & DARRYL WAYNE DANIELS,<br><br>    Debtor<br><br>---<br><br>RICHARD MENG, VIVIAN MENG,<br><br>    PLAINTIFFS<br><br>vs.<br><br>LEON RICHARD MAYS & DARRYL WAYNE DANIELS,<br><br>    Defendants | Case No. 6:19-bk-16968-WJ<br><br>Adv. 6:19-ap-01150-WJ<br><br>Before the Honorable Wayne E. Johnson<br><br>Chapter 7<br><br>**DEFENDANTS' OBJECTION TO REPLY TO OPPOSITION TO MOTION TO CONTINUE PRETRIAL CONFERENCE UNDER LBR 9013-1(m); & OBJECTIONS TO DECLARATIONS OF CHRISTOPHER LEE AND MICHAEL SMITH**<br><br>Date: 10-22-2020<br>Time; 1:30pm<br>Place: 3420 Twelfth Street, Riverside, CA<br>Courtroom: 304 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, & PLAINTIFFS RICHARD MENG, VIVIAN MENG AND THEIR COUNSEL OF RECORD**:

Defendants Leon Richard Mays & Darryl Wayne Daniels ("Defendants") hereby object to the oppose the *Reply to Opposition to Motion to Continue Pretrial Conference under LBR 9013-1(m);* and to the *Declarations of Christopher Lee and Michael Smith* (the "Reply") filed by Plaintiffs Richard Meng, Vivian Meng ("Plaintiffs").

10/16-12:28pm

1. **The Reply & Declarations Constitute New Arguments or Matters Raised for the First Time in Reply in Violation of Local Bankruptcy Rule 9013-(g)(4)**

Plaintiffs' *Reply* failed to oppose and in essence concedes, that their *Motion* failed to comply with LBR 9013-1(m)(1)(A), USDC Rule L.R. 16-9, and FRCP 16(b)(4). Plaintiffs cannot cure these deficiencies in their *Reply*.

LBR 9013-(g)(4) provides:(4) *New arguments or matters raised for the first time in reply documents will not be considered*." [Emphasis added]. The legal arguments, allegations, and purported evidence submitted by Christopher Lee and Michael Smith in their Declarations regarding their purported excusable neglect and Covid-19 constitute "new arguments or matters raised for the first time in reply documents." The *Reply* and Lee & Smith Declarations are nothing more than a further attempt to sandbag and ambush Defendants by skirting the Local Rules.

2. **Plaintiffs Have Not Properly Moved the Court for Relief Based on Excusable Neglect**

Plaintiffs' *Reply* claims that their failures to comply with this Court's 1-16-2020 *Scheduling Order*, was excusable neglect because Michael Smith ("Smith") failed to input the information on the firm's calendaring system. Smith attended the 1-16-2020 Status Conference, is counsel of record for the Plaintiffs, and whether Smith calendared it or not, or whether Christopher Lee knew it or not, **Smith knew** of the Court's 1-8-2020 *Scheduling Order*. He was also ordered to prepare a Scheduling Order and failed to do that to. The Court's 1-16-2020 *Scheduling Order* was entered [Doc-16] on Pacer. Further, LBR 7016-1(a)(1) provides that Smith, who appeared at the Status Conference - must be the one responsible for trying the case or the attorney who is responsible for preparing the case for trial. His colleagues at his firm's ignorance of the deadlines is irrelevant. Despite this ample notice of the briefing schedule and the status of the litigation, Plaintiffs failed to submit their Initial Disclosures, move for an extension, or even contact the court until more than 10 months after the court issued its orders setting the deadlines. See *Seinfeld v. WorldCom, Inc.*, No. 06-CV-13274, 2007 WL 987867, at *3 (S.D.N.Y. Apr. 4, 2007) (quoting *Enron*, 419 F.3d at 122) (dismissing appeal for failure to timely file a brief where the explanation for the delay was that the attorneys did not read the electronic docket entry,

several lawyers working on the case left the firm, and one lawyer working on the case was on vacation), aff'd sub nom. *In re WorldCom, Inc.*, 283 F. App'x 876 (2d Cir. 2008).

Excusable neglect is mentioned twice in the Federal Rules—first, excusable neglect acts to extend time to respond to court-mandated deadlines during the proceeding, and second, excusable neglect can act as a reason for relief from judgment after proceedings have, at least initially, concluded. First, FRBP 9024, which incorporates by reference FRCP 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Second, FRCP 60(b)(1) provides for a party or their legal representative to obtain relief from an adverse judgment of a federal court for "mistake, inadvertence, surprise or excusable neglect." Both types of excusable neglect can only be obtained by motion to the court, as there are strict filing deadlines to file such motions (FRCP 60(b), and FRCP 60(c)(1)). Plaintiffs have not filed any such motion and cannot raise the issue for the first time in their *Reply* per LBR 9013-(g)(4).

3. **Smith's Failure to Calendar Does Not Constitute Excusable Neglect**

Regardless of their failure to calendar, the fact remains, that Plaintiffs failed to issue their Initial Disclosures. That obligation was not contingent on any court-ordered date. Defendants served Plaintiffs with their *Initial Disclosures Pursuant to F.R.C.P. 26(A)(1) & F.R.B.P. 7026* in the Adversary Action on 1-31-2020 - which is not disputed by Plaintiffs. What was Plaintiffs' counsel thinking when they received Defendants' *Initial Disclosures*? Did that not cause them to realize that they had to reciprocate and serve Defendants with their Initial Disclosures? In addition, Defendants had no duty to meet & confer regarding Plaintiffs' failure to comply with the FRCP and LBR as each party had a duty to comply without being asked to (FRCP 26(a)(1) requires that a party **must, without awaiting a discovery request** provide their disclosures).

And what was Plaintiffs' counsel thinking when they received Defendants' *Discovery Demands: First Set of Interrogatories, Requests for Production of Documents, & Requests for Admission* in the Adversary Action on 2-5-2020? They responded to Defendants' discovery, but

10/16-12:28pm

-3-

Case 6:19-ap-01150-WJ    Doc 32    Filed 10/16/20    Entered 10/16/20 13:29:07    Desc
Main Document    Page 4 of 8

didn't that cause anyone in their firm to check their calendar? And how did Plaintiffs' counsel know of the 11-19-2020 Pre-Trial hearing (to know to move to continue it) if the dates were was not calendared? This was not a one-time calendaring error as Plaintiffs would have this Court to believe. This was a massive screw-up by Plaintiffs.

Excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). The U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either FRCP 6 or FRCP 60. In a passing reference endorsing the standard of excusable neglect, the factors to be considered in excusable neglect are (in no particular order): whether the delay in filing was within the reasonable control of the movant; the length of the delay and the delay's potential impact on judicial proceedings; the danger of prejudice to the non-moving party; and whether the movant acted in good faith.

Plaintiffs do not cite one case in their *Reply* regarding excusable neglect, and do not even acknowledge, let alone analyze, the *Pioneer* factors. The burden of presenting facts demonstrating excusable neglect is on the movant. *Key Bar Investments v. Cahn*, 188 B.R. 627, 631 (9th Cir. BAP 1995); In re Pac. Gas & Elec. Co., 311 B.R. 84, 89 (Bankr.N.D.Cal.2004). Plaintiffs have not carried their burden of demonstrating excusable neglect.

All four of the *Pioneer* criteria point to a lack of excusable neglect. Plaintiffs' failures to file a Scheduling Order, meet and confer and serve Defendant with Initial Disclosures were completely within Plaintiffs' reasonable control, having nothing to do with calendaring. The 10-month delay and its impact on this judicial proceeding is inexcusable. The danger of prejudice to Defendants is enormous as they have valid motions to file in this Adversary Action to exclude Plaintiffs' evidence. Whether Plaintiffs acted in good faith is highly questionable, since Plaintiffs received Defendants' *Initial Disclosures* and *Discovery*, and knew of the 11-19-2020 Pretrial date, making their claim of failing to calendar dubious and suspect.

Further, once Plaintiffs received Defendants' *Opposition* to the *Motion*, woke up from

their slumber and realized their failures, they still have not served Defendants with their Initial Disclosures to this date. As of this late date, the Plaintiff has still failed to comply. It is now the proverbial 11th hour prior to the 11-19-2020 pre-trial, and Plaintiffs have still failed to present Defendants with their Initial Disclosures leaving Defendants to guess the nature and extent of Plaintiffs' evidence. This failure is not excusable neglect. Plaintiff's failure to follow the rules is extremely prejudicial in this Adversary Action.

Borrowing from the state court regarding excusable neglect, calendar errors by an attorney or a member of his staff are, under appropriate circumstances, excusable. *Haviland v. Southern Cal. Edison Co.*, 172 Cal. 601, 605 [158 P. 328] ["It will hardly be claimed that the inadvertent entry of a wrong date in the book or journal in which defendant's attorneys kept a record of the proceedings to be taken by them could not fairly have been held by the trial court to furnish sufficient ground for relief under the [249 Cal. App. 2d 981] remedial provisions of section 473". Or *Soda v. Marriott*, 130 Cal. App. 589 [20 P.2d 758] 713 [156 P. 520] [attorney mistakenly entered trial date on his calendar as August 8 instead of August 7, missed trial].[1]

However, Plaintiffs here have not claimed that they **mis**-calendared and wrote in the wrong dates in their system; they are claiming that **they never calendared them all**. Theirs was not a simple calendaring error. This was a complete failure to calendar. This is hardly excusable neglect.

Further, regardless of calendaring, they chose not to serve Defendants with their Initial

---

[1] Such law office failure does not amount to excusable neglect. See *In re Quebecor World*, 2015 WL 4877422, at *3 (dismissing bankruptcy appeal where appellee failed to file a brief on time because he "did not see the notice of transmittal of the record, but provide[d] no cogent reason that he did not do so" despite notice of transmittal sent by the bankruptcy court's ECF system). *In re Musicland*, 356 B.R. at 608 ("Where a clear deadline is missed due to a law office failure, including inattention or lack of oversight, an extension is not justified.") "The legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced – where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." See, *In re Theodore D. Pendergrass*, 376 B.R. 473 (Bankr.E.D.Pa. Sep 24, 2007), the Court held that the rules serve the important bankruptcy goals of finality and certainty, a concept embraced by the Supreme Court on review: "*Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.*" *Taylor*, 503 U.S. at 644, 112 S.Ct. at 1648.

Disclosures. Where a decision **not to act** is made, there is no neglect. *Wilson v. Moss (In re Wilson*, C/A No. 10-01218-HB, Adv. Pro. No. 14-80054-HB, 2015 WL 3528226, at *2 (Bankr. D.S.C. June 3, 2015); see *In re Benefit Corner*, LLC, Case No. 16-11027, 2019 WL 7498664, at *6 (Bankr. M.D.N.C. Dec. 31, 2019); *Brodie v. Gloucester Twp.*, 531 F. App'x. 234 (3d Cir. Jul. 19, 2013); see *Lee v. Toyota Motor Sales, U.S.A., Inc.*, No. 96-2337, 1997 WL 256976, at **2-3 (E.D. Pa. May 16, 1997) (conscious decision not to respond to motion based on interpretation of court handbook in contravention of local rules not excusable neglect under Rule 60(b)).

4. **The Covid-19 Pandemic is an Irrelevant Red Herring**

Plaintiffs cloak the reason for the missed deadlines in the COVID-19 pandemic. Again, their failure to calendar has nothing to do with their failures to provide Initial Disclosures. Nevertheless, on 2-20-2020, and on 3-3-2020, and on 3-4-2020 the parties met and conferred regarding Defendants' *Discovery*, and on 4-3-2020 Plaintiffs responded to Defendants' *Discovery*. The Covid-19 Pandemic did not deter Plaintiffs from meeting and conferring and responding to discovery. It had no bearing at all on Plaintiffs' failures to provide Initial Disclosures. It's nothing but a false pretext and a ruse.

5. **Let Plaintiffs Proceed Against the Other Non-Debtor Defendants in the State Action**

Plaintiffs acknowledge that Defendants are being asked to litigate this case twice, one in the State Action and the other in the Adversary Action. Plaintiffs argue judicial economy. There is a simple solution: let Plaintiffs proceed against the other non-debtor defendants in the State Action, and allow Defendants their day in court to discharge Plaintiffs' claims in the Adversary Action.

6. **Defendants Are Not Avoiding Trial**

Defendants want the trial in the Adversary Action to proceed. They are not avoiding trial. They have substantial defenses and motions in limine to exclude Plaintiffs' evidence at trial. But to continue this Pre-Trial by over 11 months to allow the State Action to proceed - where we do not even know that the Covid-19 pandemic will be resolved by then, is too prejudical for Defendants.

7. **Another Hole in Plaintiff's Argument to Continue PreTrial in the Adversary Action**

If Plaintiffs had enough evidence to attend the Settlement Conference in the State Action, they presumably have enough evidence to proceed to trial in the Adversary Action.

8. **Defendants' Opposition is not Being Opportunistic**

Defendants' rights to exclude Plaintiffs' evidence at trial in the Adversary Action are prejudiced by the Motion. In fact, Plaintiffs' *Reply* failed to oppose and in essence concedes, that violated FRCP 26(a)(1)(C), and are subject to the mandatory provisions of FRCP 37(c)(1) and FRCP 37(c)(1)(A)(c), LBR 7026-1(c)(4), FRBP 7037 and LBR 9011-3.

9. **Conclusion**

This *Motion* and *Reply* are nothing more than Plaintiffs' end-run around their failures in this Adversary Action. By failing to move to stay this Adversary Action, they allowed it to proceed, rolled the dice and assumed the Adversary Action's deadlines did not apply to them, violated critical deadlines in this Adversary Action, that violated Defendants' rights to a fair trial, that Defendants have every right to exercise. Granting the Motion would reward Plaintiffs for their falling asleep at the wheel, to the serious detriment of Defendants. Accordingly, Defendants respectfully request that given the above, that the Court deny Plaintiffs' Motion.

DATED:     October 16, 2020          LAW OFFICE OF BARUCH C. COHEN
                                      A Professional Law Corporation


                                      By ___/S/ Baruch C. Cohen_____
                                      Baruch C. Cohen, Esq.
                                      *Attorney For Defendants Leon Richard Mays &*
                                      *Darryl Wayne Daniels*

10/16-12:28pm

-7-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **DEFENDANTS' OBJECTION TO REPLY TO OPPOSITION TO MOTION TO CONTINUE PRETRIAL CONFERENCE UNDER LBR 9013-1(m); & OBJECTIONS TO DECLARATIONS OF CHRISTOPHER LEE AND MICHAEL SMITH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/16/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Karl T Anderson (TR) | 2edansie@gmail.com, kanderson@ecf.axosfs.com |
| Christopher J Langley (PL) | chris@langleylegal.com, omar@langleylegal.com; langleycr75251@notify.bestcase.com |
| Michael Smith (PL) | mike@slclawoffice.com, langleycr75251@notify.bestcase.com, omar@langleylegal.com, smithmr75251@notify.bestcase.com |
| Steven P Chang (IP) | heidi@spclawoffice.com, schang@spclawoffice.com,, assistant1@spclawoffice.com,, attorney@spclawoffice.com, g9806@notify.cincompass.com, changsr75251@notify.bestcase.com |
| Tinho Mang (IP) | tmang@marshackhays.com, tmang@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com, cmendoza@ecf.courtdrive.com |
| United States Trustee (RS) | ustpregion16.rs.ecf@usdoj.gov |

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 10/16/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 10/16/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Wayne Johnson, 3420 Twelfth Street, Suite 384, Riverside, CA 92501-3819

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/16/2020 | Baruch C. Cohen, Esq. | */s/ Baruch C. Cohen* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.